IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

ANDREW C. MALETTA and
POLLY MALETTA

          Plaintiffs,      :    Civil Action No.

    vs.      :    **JURY TRIAL DEMANDED**

DAVID WOODLE and
FREDERICK J. LANGDON,

          Defendants.
_____

## **COMPLAINT FOR INJUNCTIVE RELIEF AND MONEY DAMAGES**

AND NOW COME Plaintiffs, ANDREW C. MALETTA ("ACM") and POLLY MALETTA ("PM") (hereinafter referred to collectively as the "Plaintiffs"), by and through their attorneys, MICHAEL E. FIFFIK, ESQUIRE, and the law firm of FIFFIK LAW GROUP, P.C., and files this Complaint for Injunctive Relief and Money Damages and in support thereof avers the following:

### **Parties**

1. Plaintiff, Andrew C. Maletta, is a private individual residing at 172 Brehm Road, North Strabane, Washington County, Pennsylvania at all times material hereto.

2. Plaintiff, Polly Maletta, is a private individual residing at 172 Brehm Road, North Strabane, Washington County, Pennsylvania at all times material hereto.

3. Defendant, David Woodle, is a private individual residing at 137 Oakwood Court, Lakeside Texas 76135.

4. Defendant, Frederick J. Langdon, is a private individual residing at 5800 West State Route 80, Lot No. 226, Labelle Florida 33935.

## Jurisdiction and Venue

5. This Court possessed federal diversity jurisdiction pursuant to 28 U.S.C. §1332 as the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional minimum of $75,000.

6. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. §1391(b)(2) and (c)(2) because Plaintiffs reside in Western Pennsylvania and Defendants published many of their tortious and defamatory statements in and to residents of the Commonwealth of Pennsylvania and caused harm to Plaintiffs in this venue. Moreover, many of the tortious and defamatory statements were published in on-line forums to persons residing in Western Pennsylvania who are personal and business acquaintances of Plaintiffs.

## Factual Allegations

7. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1-6 as though set forth fully herein.

8. This matter arises out of false and defamatory statements by Defendants concerning Plaintiffs' actions and activities, subjecting Plaintiffs to hatred, contempt, ridicule and obloquy among their friends and acquaintances in Pennsylvania and at the RiverBend Motorcoach Resort in LaBelle, Hendry County Florida.

9. Plaintiffs are recreational vehicle enthusiasts and in furtherance of that interest, purchased and own Lot 50 in the RiverBend Motorcoach Resort ("Riverbend") in LaBelle, Hendry County, Florida.

10. RiverBend is a Florida Condominium Association that operates a gated community containing 315 lots with a variety of amenities available to its owners and their tenants, including a

marina, pool, clubhouse, exercise facilities and private water filtration system.

11. Defendants are also owners or tenants of properties located within the RiverBend community.

12. RiverBend has a presence in a variety of on-line locations including a website (www.riverbendflorida.com), Facebook page (facebook.com/riverbendmotorcoachresort/), and at least one Facebook closed or secret group forum ("Owners Group"), the address of which is unknown to Plaintiffs.

13. It is believed that the Owners Group is a closed Facebook Group owned or managed by Defendants.

14. RiverBend is aware of and apparently permits the administrators or managers of the Owners Group Facebook group to use the RiverBend name in association with the Owners Group.

15. The Owners Group has several hundred members, including Plaintiffs, who are able to view, comment upon and respond to posts in that group.

16. Plaintiffs made a significant financial investment to improve their lot with landscaping, driveway, parking areas large enough to accommodate a large RV and a "cabana" house.

17. Plaintiffs visit their property in RiverBend frequently during the year and, in particular, enjoy an extended stay during the winter months.

18. The owners and tenants at RiverBend are predominately non-Florida residents, rather hailing from a wide range of states including Western Pennsylvania.

19. RiverBend has a governance structure set forth in its declaration of condominium, articles of incorporation, bylaws, rules and regulations.

20. Plaintiffs are active owners and residents in the RiverBend community. Mr. Maletta has served in a variety of roles within the official governance structure of RiverBend.

21. Mr. Maletta has been an advocate for good governance, legal compliance and fiscal

responsibility at RiverBend.

22. Mr. Maletta's efforts have contributed to RiverBend experiencing smoother operations, greater compliance with applicable laws and regulations, better fiscal health and a reduced chance of exposure to fines and lawsuits.

23. Plaintiffs' actions have apparently not been welcomed by Defendants as made manifest in a document ("Cancer on our Resort") authored and published by Defendants attached hereto as Exhibit A.

24. The statements in the Cancer on our Resort document refer to an owner who is clearly identified as Mr. Maletta: "the owner in question is Andrew Maletta on lot 50."

25. The Cancer on our Resort document contains many false and defamatory statements concerning Mr. Maletta including:

    A. That he has "fermented discord and dissent by many means."

    B. Engaged in "rude and profanity laced behavior" in 2014 upon moving into the community;

    C. Engaged in a variety of "legal threats" to the community board, against individuals, resort employees;

    D. Made accusations, impliedly false, against other resort owners of putting water in his boat fuel tanks, cutting is coach sewer line and damaging property;

    E. Accused Dave Horton of theft and dishonesty;

    F. Made "libelous . . . statements against an approved resort coach house building;"

    G. Engaged in "continued disruptive behavior;"

    H. Cause disharmony by his behavior; and

    I. That his actions have depressed property values of resort owners.

26. The "Cancer on our Resort" document is additionally defamatory for the following

reasons:

      A.    The document likens Mr. Maletta to cancer, a reference commonly defined as "evil" or "destructive".  *Oxford Dictionary*

      B.    The statements and tone of the document tend to injure the Plaintiffs' persons and reputation;

      C.    The statements impute to the Plaintiffs conduct, characteristics or conditions incompatible with their position and statute in the resort community; and

      D.    Tends to subject Plaintiff's to hatred, distrust, ridicule, contempt or disgrace.

27. Defendants published the document to many nonparties, some of whom were solicited to join in or adopt as their own the defamatory statements in the Cancer on our Resort document, as signified by their signatures appearing at the end of the document.

28. Defendant further published the Cancer on our Resort document on the Owners Group Facebook group and solicited responses and reactions to the same.

29. Members of the Owners Group Facebook group viewed and responded to the Cancer on our Resort document and post.

30. Responses to the offending post that were favorable to the contents of the Cancer on our Resort document were permitted to remain visible on the Owners Group Facebook group by Defendants.

31. Responses to the offending post that were favorable to Plaintiffs and not in support of the contents of the Cancer on our Resort document were deleted by Defendants.

32. By deleting responses to the offending post that were favorable to Plaintiffs and not in support of the contents of the Cancer on our Resort document, Defendants intended and caused members of that group to have a false understanding of how other members felt about the post.

33. Defendants voided Plaintiffs' membership in the Owners Group Facebook group, thereby preventing Plaintiffs from viewing responses to the offending post or otherwise defending themselves or

their respective reputations.

34. Upon information and belief, members of the Owners Group Facebook group were able to download, save and/or print the Cancer on our Resort document.

35. Upon information and belief, the Cancer on our Resort document was communicated outside of the Owners Group Facebook group by Defendants and other nonparty members of the group.

### Count I:  Defamation

36. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1-36 as though set forth fully herein.

37. Defendants authored, published and re-published the false and defamatory statements in the Cancer on our Resort document directly, on the internet and using other mediums.

38. The false and defamatory statements contained in the Cancer on our Resort document harmed the otherwise good reputation of Plaintiffs by lowering them in the estimation of the members of the resort community and their friends and acquaintances in Western Pennsylvania and deterred third persons from associating or dealing with them.

39. The false and defamatory statements contained in the Cancer on our Resort document ascribe to Plaintiffs conduct, character and conditions that adversely affect their otherwise good reputations, fitness for their conduct in and enjoyment of the resort community, in their capacities in governance positions with RiverBend Condominium Association and their trade or professions generally and in Western Pennsylvania.

40. The false and defamatory statements contained in the Cancer on our Resort document have fractured and irreparably damaged Plaintiffs' standing in the RiverBend community by producing a negative impression of them in the minds of residents of the RiverBend community, among their acquaintances and associates in Western Pennsylvania.

41. Defendants published the false and defamatory statements contained in the Cancer on our

Resort document without authorization or consent.

42. The false and defamatory statements contained in the Cancer on our Resort document constitute actionable defamation and defamation by implication under applicable law.

43. It is apparent from the false and defamatory statements contained in the Cancer on our Resort document that Defendants authored and published said statements with actual malice in that they were made with knowledge of their falsity or with reckless disregard for the truth or falsity.

44. Plaintiffs believe that Defendants' intent in publishing the false and defamatory statements, as evidenced by their statement "Please assist the undersigned in . . . encouraging him [Maletta] to move on to somewhere that it maybe welcome," was to marshal the residents of the resort community to disassociate from Plaintiffs, cause Plaintiffs permanently leave the resort and to rob them of their use and enjoyment of their property within the resort.

45. As a direct and proximate result of Defendants' aforementioned actions, Plaintiffs have suffered significant reputational harm, been subject to scorn, ridicule and have been shunned by resort community residents.

46. Plaintiffs request a permanent injunction halting the continued dissemination of the false and defamatory statements published by Defendants, including but not limited to those contained in the Cancer on our Resort document generally as well as through the use of the Internet, Facebook or other social media sites and apps.

47. Plaintiffs further request a permanent injunction causing the false and defamatory statements published by Defendants, including but not limited to those contained in the Cancer on our Resort document, to be removed from the all URLs containing those false statements, including but not limited to the Owners Group Facebook group.  Without a permanent injunction of this Court, Defendants' false statements will continue to cause great and irreparable injury to Plaintiffs and Defendants will be able to continue their tortious campaign against Plaintiffs.

48. As a direct and proximate result of the Defendants' conduct set forth in Paragraphs 1-47 herein, Plaintiffs have suffered harm to their interest in privacy, mental distress and special damages in the amount exceeding the jurisdictional limit of $75,000.00.

WHEREFORE, Plaintiffs, Andrew C. Maletta and Polly Maletta, hereby respectfully request that this Honorable Court enter judgment in their favor and against all Defendants, jointly and severally, as follows:

    A. Injunctive relief that Defendants are prohibited from republishing the false and defamatory statements appearing in the Cancer on our Resort document for the purpose of placing Plaintiffs in a false light or causing Plaintiffs to suffer reputation harm, be subject to scorn, ridicule or to cause them to be shunned by resort community residents;

    B. Permanent deletion of the false and defamatory statements appearing in the Cancer on our Resort document and the document itself which make reference to Plaintiffs;

    C. Actual and compensatory damages and punitive damages where available, in an amount exceeding the jurisdictional minimum of $75,000.00 with the exact amount to be proven at trial;

    D. Costs of this action, reasonable attorneys fees, and pre- and post-litigation interest at the maximum rate provided by law;

    E. For any and all other relief to which this Court determines Plaintiffs are entitled.

## Count II – Defamation Per Se

49. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1-48 as if fully set forth herein.

50. The false and defamatory statements published by Defendants, including those contained in the Cancer on our Resort document, constitute defamation per se.

51. As a direct and proximate result of the Defendants' conduct set forth in Paragraphs 1-51

herein, Plaintiffs have suffered harm to their interest in privacy, mental distress and special damages in the amount exceeding the jurisdictional limit of $75,000.00.

WHEREFORE, Plaintiffs, Andrew C. Maletta and Polly Maletta, hereby respectfully requests that this Honorable Court enter judgment in their favor and against all Defendants, jointly and severally, as follows:

    A.    Injunctive relief that Defendants are prohibited from republishing the false and defamatory statements appearing in the Cancer on our Resort document for the purpose of placing Plaintiffs in a false light or causing Plaintiffs to suffer reputation harm, be subject to scorn, ridicule or to cause them to be shunned by resort community residents;

    B.    Permanent deletion of the false and defamatory statements appearing in the Cancer on our Resort document and the document itself which make reference to Plaintiffs;

    C.    Actual and compensatory damages and punitive damages where available, in an amount exceeding the jurisdictional minimum of $75,000.00 with the exact amount to be proven at trial;

    D.    Costs of this action, reasonable attorneys fees, and pre- and post-litigation interest at the maximum rate provided by law;

    E.    For any and all other relief to which this Court determines Plaintiffs are entitled.

## Count III – Invasion of Privacy

52. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1-51 as if fully set forth herein.

53. The false and defamatory statements published by Defendants, including those contained in the Cancer on our Resort document, have given publicity (i.e. widespread dissemination on the Internet) to matters concerning Plaintiffs that unreasonably place them in a false light before residents and tenants of the RiverBend community, some of whom are residents of Western Pennsylvania, and

create a false impression that Plaintiffs are a "cancer" on the RiverBend resort, engage in rude and profanity laced behavior, threaten other owners with bodily harm, unwarranted legal action, and is disruptive.

54. Said false statements contain such major misrepresentations and create such false impressions of Plaintiffs' character, history and activities that serious offense may reasonably be expected to be taken by a reasonable person in their respective positions.

55. The false light in which Plaintiffs have been placed by Defendants would be highly offensive to a reasonable person. Any reasonable person would take offense to being likened to cancer.

56. Defendants' conduct constitutes actual malice in that they had knowledge of their falsity or with reckless disregard for the truth or falsity of the publicized matters and the false light in which Plaintiffs would be placed.

57. Defendants' actual malice is further evidenced by their actions to prevent Plaintiffs' from commenting upon the Cancer on our Resort post or otherwise defending their reputation.

58. In the alternative, even if the statements in the Cancer on our Resort document were true, which is specifically denied, the events and incidents referenced therein are reported selectively and were intended to create a false impression of Plaintiffs.

59. As a direct and proximate result of the false light in which Plaintiffs have been placed by Defendants, Plaintiffs have suffered harm to their interest in privacy, mental distress and special damages in the amount exceeding the jurisdictional limit of $75,000.00.

WHEREFORE, Plaintiffs, Andrew C. Maletta and Polly Maletta, hereby respectfully requests that this Honorable Court enter judgment in their favor and against all Defendants, jointly and severally, as follows:

    A.    Injunctive relief that Defendants are prohibited from republishing the false and defamatory statements appearing in the Cancer on our Resort document for the purpose

    of placing Plaintiffs in a false light or causing Plaintiffs to suffer reputation harm, be subject to scorn, ridicule or to cause them to be shunned by resort community residents;

B. Permanent deletion of the false and defamatory statements appearing in the Cancer on our Resort document and the document itself which make reference to Plaintiffs;

C. Actual and compensatory damages and punitive damages where available, in an amount exceeding the jurisdictional minimum of $75,000.00 with the exact amount to be proven at trial;

D. Costs of this action, reasonable attorneys fees, and pre- and post-litigation interest at the maximum rate provided by law;

E. For any and all other relief to which this Court determines Plaintiffs are entitled.

### Count IV – Intentional Infliction of Emotional Distress

60. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1-59 as if fully set forth herein.

61. Defendants' conduct in authoring, publishing, soliciting for signatures and republishing the false and defamatory statements in the Cancer on our Resort document was both intentional and outrageous.

62. Defendants' aforementioned conduct has caused Plaintiffs to suffer mental and emotional distress and special damages in the amount exceeding the jurisdictional limit of $75,000.00.

WHEREFORE, Plaintiffs, Andrew C. Maletta and Polly Maletta, hereby respectfully requests that this Honorable Court enter judgment in their favor and against all Defendants, jointly and severally, as follows:

A. Injunctive relief that Defendants are prohibited from republishing the false and defamatory statements appearing in the Cancer on our Resort document for the purpose of placing Plaintiffs in a false light or causing Plaintiffs to suffer reputation harm, be

       subject to scorn, ridicule or to cause them to be shunned by resort community residents;

B.    Permanent deletion of the false and defamatory statements appearing in the Cancer on our Resort document and the document itself which make reference to Plaintiffs;

C.    Actual and compensatory damages and punitive damages where available, in an amount exceeding the jurisdictional minimum of $75,000.00 with the exact amount to be proven at trial;

D.    Costs of this action, reasonable attorneys fees, and pre- and post-litigation interest at the maximum rate provided by law;

E.    For any and all other relief to which this Court determines Plaintiffs are entitled.

## Count V – Civil Conspiracy

63. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1-62 as if fully set forth herein.

64. During winter of 2019-2020, Defendants and other nonparties, including but not limited those persons who are signatories to the Cancer on our Resort document attached as Exhibit A, and each of them knowingly and willfully conspired and agreed among themselves to author and publish false and defamatory statements, including those appearing in said document, concerning Plaintiffs.

65. During winter of 2019-2020, Defendants and other nonparties, including but not limited those persons who are signatories to the Cancer on our Resort document attached as Exhibit A, and each of them knowingly and willfully conspired and agreed among themselves to author and publish statements, including those appearing in said document, concerning Plaintiffs, that contain major misrepresentations and create false impressions of Plaintiffs' character, history and activities.

66. Defendants and said nonparties engaged in a campaign to publish and disseminate the false and defamatory statements, including those in the Cancer on our Resort document, concerning Plaintiffs, to residents and tenants of the RiverBend resort, members of the Owners Group Facebook

group and other persons who were above to view the publications of said document and comments pertaining to said document on the Internet, including persons who are residents of Western Pennsylvania.

67. Defendants and said nonparties engaged in a campaign to suppress comments opposing or correcting their false and defamatory statements, including those in the Cancer on our Resort document, concerning Plaintiffs.

68. Defendants and said nonparties engaged in a campaign to suppress Plaintiffs' ability to defend themselves and their respective reputations concerning Defendants' false and defamatory statements, including those in the Cancer on our Resort document, concerning Plaintiffs.

69. Plaintiffs believe that the intent of Defendants' and said nonparties in publishing the false and defamatory statements and suppressing opposing to those statements, as evidenced by their statement "Please assist the undersigned in . . . encouraging him [Maletta] to move on to somewhere that it maybe welcome," was to marshal the residents of the resort community to drive Plaintiffs' from the resort and to rob them of their use and enjoyment of their property within the resort.

70. Defendants' aforementioned conduct has caused Plaintiffs to suffer mental and emotional distress and special damages in the amount exceeding the jurisdictional limit of $75,000.00.

WHEREFORE, Plaintiffs, Andrew C. Maletta and Polly Maletta, hereby respectfully requests that this Honorable Court enter judgment in their favor and against all Defendants, jointly and severally, as follows:

    A.    Injunctive relief that Defendants are prohibited from republishing the false and defamatory statements appearing in the Cancer on our Resort document for the purpose of placing Plaintiffs in a false light or causing Plaintiffs to suffer reputation harm, be subject to scorn, ridicule or to cause them to be shunned by resort community residents;

    B.    Permanent deletion of the false and defamatory statements appearing in the Cancer on

our Resort document and the document itself which make reference to Plaintiffs;

C. Actual and compensatory damages and punitive damages where available, in an amount exceeding the jurisdictional minimum of $75,000.00 with the exact amount to be proven at trial;

D. Costs of this action, reasonable attorneys fees, and pre- and post-litigation interest at the maximum rate provided by law;

E. For any and all other relief to which this Court determines Plaintiffs are entitled.

**Trial by Jury is Demanded**

Respectfully submitted,

/s/ *Michael E. Fiffik Esquire*
MICHAEL E. FIFFIK, ESQUIRE (#66001)
FIFFIK LAW GROUP P.C.
Suite 315 Foster Plaza 7
661 Andersen Drive
Pittsburgh, PA 15220
(412) 391-1014
mfiffik@fiffiklaw.com

*Attorneys for Plaintiffs Andrew C. Maletta and Polly Maletta*